BAKER, SR., APPELLANT, *v.* THE BUCKEYE UNION CASUALTY CO. ET AL., APPELLEES.

(No. 5667—Decided October 1, 1957.)

*Mr. B. N. Murray,* for appellant.

*Messrs. Wright, Harlor, Purpus, Morris & Arnold,* for appellee Buckeye Union Casualty Company.

PETREE, P. J. This cause is now on for hearing upon motion of defendant, appellee herein, for an order affirming the judgment of the Common Pleas Court of Franklin County, Ohio, from which this appeal is taken, for the reason and on the grounds that plaintiff, appellant herein, has failed to file a bill of exceptions and assigns no errors apparent upon the record herein.

Plaintiff began his case by filing a petition against The Buckeye Union Casualty Company, wherein he claims he had lost $3,288.40 by way of damages to his automobile resulting from a collision on August 20, 1954, on McKinley Avenue. Plaintiff alleges that he had a policy with the defendant company which covered loss resulting from collision. He further alleges in his petition that the car was driven at the time of the accident by one Charles N. Harrison.

The defendant insurance company in its answer admits that it carried insurance on plaintiff's automobile to cover loss resulting from collision as provided in the policy and that the premium had been paid and the policy was in full force and effect on August 20, 1954, at which time the automobile collided with a utility pole on McKinley Avenue and was damaged. The defendant also alleges in its answer that the policy contained an endorsement providing as follows:

" 'In consideration of the premium charged under the policy to which this endorsement is attached it is hereby agreed that no coverage is afforded by the policy while the following named person is driving the automobile insured under the policy:

" 'Dean Baker.' ''

Defendant further alleges "that at the time of said collision said automobile was being driven by said Dean Baker; and that

there is no coverage under said policy for any loss or damage resulting therefrom.''

The Ohio National Bank was made a party defendant but subsequently was dismissed as a party defendant and need not be considered for the purposes of this motion.

To the answer of The Buckeye Union Casualty Company, the plaintiff filed a reply in which he denies each and every allegation contained in the answers not constituting admissions to the material allegations of plaintiff's petition. Thus, it will be seen that an issue was made squarely under the plaintiff's claim that he had a right to collect under the policy and the defendant The Buckeye Union Casualty's claim that pursuant to the endorsement on the policy plaintiff was not covered at the time of the accident because Dean Baker was driving the car and that, by reason of the exclusion or exception clause above set forth, it had no liability.

Subsequent to the filing on July 25, 1957, of this motion for affirmance of judgment, and without leave having been given to file the same, the plaintiff filed in this court on August 19, 1957, what he designates a bill of exceptions which consists of the special charges of the court to the jury along with the general charge. The bill of exceptions was signed on August 19, 1957, by Judge Gessaman who certified that the foregoing were the special charges and the general charge given by him to the jury in the trial of this cause. Contained in this bill of exceptions is the special instruction which plaintiff complains of in assignment of error No. 3. The claimed bill of exceptions exhibits no objections on behalf of the plaintiff made at the time the court gave the charge; and at the end of the general charge, the court addressed Mr. Murray, attorney for plaintiff, as follows:

''Now, has the court omitted or misstated anything, Mr. Murray?

''Mr. Murray: I don't recall anything.

''The Court: Mr. Wright?

''Mr. Wright: I believe nothing further.

''The Court: All right, you may retire, members of the jury.

"Mr. Wright: Let the record show a general exception to the charge.

"And thereupon the jury retired to the jury room."

The jury returned a verdict for the defendant signed by all twelve members, according to the claimed bill of exceptions; and all members of the jury answered, "No," to the following interrogatory submitted to the jury:

" 'Has the plaintiff proven by a preponderance of the evidence that a person other than Dean Baker was driving the plaintiff's automobile at the time of the collision on August 20th, 1954?' "

On January 31, 1957, the court approved the following written entry:

" 'E N T R Y

" 'This cause came on regularly for trial before a jury duly impaneled and sworn upon the pleadings and the evidence and the jury returned a verdict against the plaintiff and for the defendant, the Buckeye Union Casualty Company, and answered a special interrogatory submitted to them.

" 'The court finding that the answer of the jury to said special interrogatory is in conformity to the verdict rendered by the jury and consistent therewith, it is accordingly ordered and adjudged that the defendant, the Buckeye Union Casualty Company, go hence without day and recover of plaintiff its costs herein expended. To all of which the plaintiff excepts.

" '(S) Gessaman,
Judge.' "

In the last sentence of this entry, any exceptions noted by the plaintiff appear for the first time.

In its instructions to the jury, the court said:

" '* * * there is left for your consideration only one issue, and that issue is as to whether or not at the time and place in question Dean Baker was or was not driving this automobile. Now, that question arises by virtue of the provision in the policy about which there is no dispute, which provides in effect that, 'It is hereby agreed that no coverage is afforded by the policy,' that is the policy in question, 'while the following named person is driving the automobile insured under the policy, namely Dean Baker.' * * * Therefore, before the plaintiff

can recover and would be entitled to a verdict at your hands in this case, it is encumbent upon him to prove by a preponderance of the evidence that some person other than Dean Baker was driving the automobile at the time and place in question. That is the question for you to determine."

The court continued:

"If you find, from the evidence, and under the law as given to you by the court, that the plaintiff has established by a preponderance of the evidence that at the time and place in question, some person other than Dean Baker was driving the automobile, then your verdict shall be for the plaintiff in the sum of $2,700. On the other hand, if after a careful consideration of the evidence, you find that the plaintiff has failed to establish, by a preponderance of the evidence that some person other than Dean Baker was driving the automobile at the time and place in question, then your verdict must be for the defendant."

There is no transcript of the testimony in this case presented to the Court of Appeals to this date. In view of that state of the record, it is our opinion that the motion of the appellee for affirmance of the judgment of the Common Pleas Court of Franklin County, Ohio, for the reason and upon the grounds that appellant has failed to file a bill of exceptions and assigns no errors apparent upon the record, should be sustained.

*Motion sustained and judgment affirmed.*

BRYANT and MILLER, JJ., concur.